| | |
|---|---|
| 1 | Marc S. Williams (Bar No. 198913) |
| 2 | mwilliams@cohen-williams.com<br>Brittany L. Lane (Bar No. 323440) |
| 3 | blane@cohen-williams.com<br>**COHEN WILLIAMS LLP** |
| 4 | 724 South Spring Street, 9th Floor<br>Los Angeles, CA 90014 |
| 5 | Telephone: (213) 232-5160 |
| 6 | Facsimile: (213) 232-5167 |
| 7 | Judd Grossman |
| 8 | jgrossman@grossmanllp.com<br>Sarah Schuster |
| 9 | sschuster@grossmanllp.com<br>**GROSSMAN LLP** |
| 10 | 745 Fifth Ave, 5th Floor<br>New York, NY 10151 |
| 11 | Telephone: (646) 770-7445 |
| 12 | Facsimile: (646) 417-7997<br>*Admitted Pro Hac Vice* |
| 13 | |
| 14 | Attorneys for Defendants,<br>SUSAN SEIDEL and |
| 15 | SUSAN SEIDEL INC. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MEYER,<br><br>          Plaintiff,<br><br>     v.<br><br>SUSAN SEIDEL, SUSAN SEIDEL INC., JAMIE FRANKFORT, and DOES 1 through 5,<br><br>          Defendants. | Case No. 2:19-cv-09786-DMG-JC<br><br>Honorable Dolly M. Gee<br><br>**DECLARATION OF SUSAN SEIDEL IN SUPPORT OF MOTION TO DISMISS OR TRANSFER** |

I, SUSAN SEIDEL, swear as follows under the penalty of perjury:

1. I am a longtime resident of New York and I have never lived or worked in California.

2. I am an independent art advisor and consultant.

3. Since 1994, I have been the principal of Susan Seidel, Inc. ("SSI"), an entity organized under the laws of New York. SSI has no other employees.

4. Since 1994, SSI's only offices have been located in Manhattan in New York City. All of its records and documents at all times have been and are located in New York.

5. SSI does not actively seek out California art collectors.

6. SSI does not advertise its business, including in print or media publications, and SSI has no website.

7. I have been acquainted with Jaime Frankfurt, an art advisor, since approximately the early 1990s.

8. Around the time of the 2001 sale at issue in this lawsuit, Mr. Frankfurt had an apartment in New York and visited New York regularly. I never saw him in California; our contacts occurred either in New York or by correspondence and telephone.

9. I have been acquainted with Julian Weissman, a New York-based art dealer, since approximately the 1990s.

10. To my knowledge, Mr. Weissman has always been a resident of New York. It is my understanding that Mr. Weissman now lives in Coxsackie, New York, and that he is in declining health.

11. In or around January 2001, Mr. Weissman sent me a transparency of the painting at issue in this lawsuit (the "Work"). He told me that he was representing the family who owned the Work, and that the family was seeking a buyer for the Work.

12. At that time, the Work was physically located in Mr. Weissman's office on Beaver Street in Manhattan. I visited that location to view the Work there.

13. Around this time, Mr. Frankfurt told me that he had a client who was looking to buy a painting.

14. Mr. Weissman and I agreed that he would sub-consign the Work to me for a short period of time for the purpose of showing it to a prospective buyer in New York.

15. In connection with that short-term New York sub-consignment, the Work was physically moved from Mr. Weissman's Manhattan office to my office in Manhattan.

16. Mr. Frankfurt and his client, Mr. Meyer, visited my Manhattan office to view the Work. That was the first and only time I met Mr. Meyer in person.

17. After the viewing, Mr. Frankfurt contacted me by phone to tell me that Mr. Meyer wished to go forward with the purchase of the Work.

18. On or around March 2, 2001, I sent Mr. Meyer an invoice for the Work. He subsequently wired funds to pay for the Work. I retained a modest commission, and remitted the net sale proceeds to Mr. Weissman.

19. In or around mid-March 2001, Mr. Frankfurt provided me with instructions to ship the Work from Manhattan.

20. In or around late March 2001, I arranged for a New York-based art shipping company, Masterpiece International, Ltd., to pick up the Work and ship it as Mr. Frankfurt directed.

21. I have done no further business with Mr. Meyer since then.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2019
New York, New York

_____
Susan Seidel